### DIMOND's Adm'x. *vs* BILLINGSLEA.—June, 1828.

Where D by deed bargained and sold a tract of land to B, and covenanted to warrant and defend the same against the lawful claim of all persons, and M, the widow of one who was seized of the land before D, being entitled to dower at law, brought her action of dower against B, who confessed judgment, and then filed a bill in equity and obtained an injunction against her, which bill at the final hearing was dismissed, and M had execution for and assignment of her dower out of the warranted premises. In an action by B against D on his warranty—*Held,* that under the circumstances B was not bound to prosecute an appeal either from the legal or equitable proceedings.

Where the owner of a tract of land sold it, executed a bond for conveying the same to the purchaser, received a considerable part of the purchase money, and afterwards married, then conveyed the land to the purchaser and took a mortgage of the same premises from him, to secure a balance of the purchase money then unpaid, a right to dower at law vested in his wife, though under such circumstances she would not be dowable in equity.

APPEAL from *Harford* County Court. This was an action of covenant, brought on the 6th of June 1821. The declaration stated that the defendant, (whose administratrix the appellant now is,) on the 9th of November 1815, by his deed of that date, duly executed, &c. for $2600, paid him by the plaintiff, (the appellee,) bargained and sold to him, the plaintiff, all that tract or parcel of land lying and being in *Harford* county, known by the name of *Horse Range,* on the north side of the head of *Bush river,* which is contained within the following metes and bounds, courses and distances, to wit: Beginning, &c. containing 200 acres of land more or less, together with all

and singular the buildings, &c. and all the estate, right, title and interest whatsoever of the said *William Dimond*, both at law and equity, of, into and out of the tract or parcel of land and premises bargained and sold, &c. To have and to hold the said tract or parcel of land so as aforesaid described called *Horse Range*, or by whatsoever name the same may be called, together with the buildings, &c. unto the said *William Billingslea*, his heirs and assigns forever, to the only proper use and benefit of the said *Billingslea*, his heirs and assigns; and thereby covenanted to warrant and defend the same against the lawful claims of all persons, and that the plaintiff might hold and enjoy the same. The plaintiff averred that he entered thereinto accordingly, but could not hold the same free of incumbrances; neither did the said *William Dimond* warrant or defend the bargained premises according to his covenant aforesaid, though requested to do it; but one *Elizabeth M'Comas*, then and ever since being lawfully entitled to dower therein, recovered judgment thereof, and $72 40 costs, upon her suit against the plaintiff at *Harford* county court, as a court of common law; and also upon a bill filed in said court as a court of chancery. And by force of a writ of execution issued out of said court on said judgment, she the said *Elizabeth M'Comas* since entered into the premises, and evicted and expelled the said *Billingslea* therefrom, and holds one-third part thereof legally assigned to her for her dower, so that the said *William Dimond* has broken his covenant aforesaid, to the damage of the plaintiff $2000, and thereupon he brings his suit, &c. The defendant pleaded that he had not broken the covenant, &c. Issue joined. The death of *William Dimond* was suggested, and *Elizabeth Dimond*, his administratrix, made defendant.

At the trial in May 1825, the plaintiff gave in evidence a deed, dated the 9th of November 1815, executed by *William Dimond* of the one part, and *William Billingslea* of the other part, whereby, in consideration of $2600, the said *Dimond* conveyed to the said *Billingslea*, his heirs and assigns, all that tract or parcel of land lying in *Harford* county, known by the name of *Horse Range*, on the north side of the head of *Bush river*, which is contained within the following metes and

bounds, courses and distances, to wit: Beginning, &c. contain-
ing 200 acres of land more or less. Together, &c and all the
estate, &c. of the said *Dimond* of, in, to and out of the tract
or parcel of land and premises. To have and to hold the said
tract or parcel of land, so as aforesaid described, called *Horse
Range*, &c. with the buildings and appurtenances, and all and
singular the premises, unto the said *Billingslea*, his heirs and
assigns, &c. And the said *Dimond* for himself, his heirs, &c. doth
covenant, &c. to and with the said *William Billingslea*, his
heirs, &c. that the said *Dimond* and his heirs, the said tract or
parcel of land and premises, and every part and parcel thereof,
with the appurtenances thereunto belonging, to him the said
*Billingslea* against him the said *Dimond*, and his heirs, and
against all and every person or persons whatsoever, claiming or
to claim any right, &c. in and to the same, or any part thereof,
shall and will hereafter warrant and forever defend by these
presents. Another covenant for further assurances, &c. for
quieting the possession of the said *Billingslea*, his heirs and
assigns, &c. The deed was acknowledged on the 9th of No-
vember 1815, and recorded the 2d of January 1816. The
plaintiff also gave in evidence certain records and certificates of
authentication, viz. One of the records was of an action brought
on the 26th of July 1816, by *Elizabeth M'Comas*, against
*William Billingslea*, claiming her dower, which belonged
to her of the freehold tenements which were of *N. D. M'Co-
mas*, formerly her husband. Judgment by confession in Au-
gust 1817, that the demandant recover her dower of the third
part of a tract of land called *Horse Range*, and costs. Ano-
ther of the records was proceedings on a bill filed on the 24th
of October 1817, by *William Billingslea* against *Eliza-
beth M'Comas*, in which it is stated, that in 1794, *N. D.
M'Comas* was seized of a tract of land called *Horse Range*,
and in March 1794, he executed a bond for conveying the said
land, which he had sold to *C. A. Desables*, and who paid a
considerable part of the purchase money to *M'Comas*, and
gave his bond for the residue of the purchase money. That on
the 18th of July 1795, *M'Comas*, being in possession, execut-
ed a deed conveying the said land to *Desables*, at which time
only £93 0 6, of the purchase remained due, and to secure

which a mortgage was executed by *Desables* to *M·Comas*. That on the 23d of July 1794, *N. D. M·Comas* married *Elizabeth M·Comas*, who is now his widow. That *Desables* sold and conveyed the land, and the title is now in *Billingslea*. That *Elizabeth M·Comas* had recovered her dower in the land, &c. Prayer for injunction against that judgment. Injunction granted; and on coming in of the answer of *E. M·Comas*, the injunction was dissolved. The court, at March term 1821, decreed that the bill be dismissed, with costs. The other record is of a writ of *habere facias seisinam*, issued on the 30th of May 1821, on the judgment recovered by *Elizabeth M·Comas* against *William Billingslea*, for her dower, which was assigned and delivered to her, of 68 acres by metes and bounds, &c. of the tract of land called *Horse Range*, &c. The plaintiff also gave in evidence the age and constitution of the tenant in dower, *Elizabeth M·Comas*. The defendant then prayed the court to direct the jury, that inasmuch as the plaintiff had never prosecuted any appeal from, or writ of error on the judgment and decree aforesaid, or from either of them, the plaintiff was not entitled to recover. Which direction the Court, [*Hanson* and *Ward*, A. J.] refused to give; but were of opinion, and so directed the jury, that upon the evidence herein, if the jury believed it, the plaintiff was entitled to recover. The defendant excepted. Verdict for the plaintiff, and damages assessed to $668 90, and judgment rendered thereon. The defendant appealed to this court.

The cause was argued at June term 1827, before BUCHANAN, Ch. J. and MARTIN, STEPHEN, and DORSEY, J.

*Williams*, (District Attorney of *U. S.*) for the Appellant, contended, 1. That *Elizabeth M·Comas* was not entitled to dower in the land sold by her husband before coverture, and the principal part of the purchase money then paid, although the fee actually continued in him until after the coverture, when a deed was executed to the purchaser. 2. That the appellee ought not to have confessed judgment in the action brought against him by *Elizabeth M·Comas* at law, in *Harford* county court, for dower in the land sold by her husband before the coverture, and the principal part of the purchase money then

paid, but the deed therefor only executed after coverture. 3. That the appellee ought to have prosecuted an appeal from the judgment rendered in the said suit, and from ,the decree passed in the chancery suit brought by him against the said *M'Comas*, relative to the said dower, or from one of them.

1. Equity regards things agreed to be done as actually per-formed; consequently, when a contract is made for sale of an estate, equity considers the vendor as trustee for the purchaser, and the purchaser as trustee of the purchase money for the vendor. *Sugd.* 130, and the cases there cited. Where, by the custom of a manor, a tenant may bar his wife, he may do so by a mere agreement for sale, &c. *Sugd.* 149, 150. If the decision is not in favour of the appellant, great injustice would be done to the purchaser, who could not foresee that the ven-dor would be *married.* Possession for an instant does not enti-tle a widow to dower. *Stow v Tifft*, 15 *Johns. Rep.* 458. The wife of a mortgagor is entitled to dower in the equity of redemp-tion. *Collins v Torry*, 7 *Johns. Rep.* 278. *Coles v Coles*, 15 *Johns. Rep.* 319. A widow is not entitled to dower in mortgaged estates, nor in estates held in use or trust. 1 *Cruise's Dig.* 155. A widow is entitled to dower in equitable estates since the act of assembly of 1818, *ch.* 193, *s.* 10; but the land in question was sold on the 9th of November 1815.

2. Mrs. *M'Comas*, if entitled at all to dower in the land, was only entitled to the value of the land at the time of the alienation. *Humphrey v Phinney*, 2 *Johns. Rep.* 484. *Dor-chester v Hasbrouck*, 11 *Johns. Rep.* 510. *Shaw v White*, 13 *Johns. Rep.* 179. *Dolf v Basset*, 15 *Johns. Rep.* 21. The plaintiff below recovered the value of the dower of the widow, amounting to $668 90.

3. The plaintiff should have appealed from the judgment and decree rendered in *Harford* county court, in the cases be-tween *M'Comas & Billingslea;* or he should at least have no-tified *Dimond*, so that he might have prosecuted the appeals, whereas no notice was given to *Dimond* of these proceedings. *Fenwick v Forrest*, 5 *Harr. & Johns.* 414. *Fenwick's Adm'r. v Forest*, 6 *Harr. & Johns.* 415.

*Learned*, for the Appellee. 1. The plaintiff below offered the records, &c. in evidence, to which no objection was made

by the defendant. She is, therefore, concluded, and cannot now call in question the correctness of the proceedings and judgment.

3. The widow was entitled to dower in the land, her husband being seized in fee during the coverture. The trust spoken of, is that created by express deed. Here the right of dower did attach. *Brown v Raindle*, 3 *Ves.* 256. *Hinton v Hinton*, *Ambl.* 277. S. C. 2 *Ves.* 631, 638. The dower attached on the marriage, the husband being then seized in fee. *Eq. Cas. Ab.* 217. *Hamilton v Mohun*, 1 *P. Wms.* 121. *Hitchcock v Harrington*, 6 *Johns. Rep.* 290. *Collins v Torry*, 7 *Johns. Rep.* 278.

*Williams*, (District Attorney of *U. S.*) in reply. 1. This case was tried in the county court in May 1825. The act of assembly requiring the points raised in the court below to be stated in the record, was passed on the 16th of February 1826, (1825, *ch*, 117.)

2. In *Gittings' Lessee v Hall*, 1 *Harr. & Johns.* 14, the court of appeals decided, "that they will take notice of testimony improperly admitted in evidence in the court below, although it was not objected to, and made no part of the question decided by the court below."

3. But the records from *Harford* county court were admissible evidence to prove that such proceedings took place, although *res inter alios acta*, as admiralty records of a condemnation of a vessel insured, &c. And as the *Martinique* records were admitted in *Owings v Nicholson*, &c. 4 *Harr. & Johns.* 66, although not conclusive of the rights of the parties.

4. Again, the records from *Harford* county court were the only proper evidence of the *eviction*, without proof of which eviction, the covenantee could not recover from the covenantor.

5. Covenants for quiet enjoyment, and a general warranty, are only broken by a lawful eviction of the grantee. *Greenby v Wilcock*, 2 *Johns. Rep.* 1. *Folliard v Wallace*, *Ib.* 395. *Kent v Welch*, 7 *Johns. Rep.* 258. *Sedgwick v Hollenback*, *Ib.* 376. *Vanderkatt v Vanderkatt*, 11 *Johns. Rep.* 122. The covenant for quiet enjoyment goes to the possession, and not to the title, and is only broken by an entry and expulsion. *Waldron v M'Carty*, 3 *Johns. Rep.* 471. *Kortz v Carpen-*

*ter,* 5 *Johns. Rep.* 120. *Whitbeck v Cook,* 15 *Johns. Rep.* 483. The same doctrine is laid down in 4 *Stark. Evid.* 434, 435. An outstanding mortgage, where there has been no foreclosure or possession taken by the mortgagee, is not a breach of the covenant of seisin. *Sedgwick v Hollenback,* 7 *Johns. Rep.* 376. *Van Slyck v Kimball,* 8 *Johns. Rep.* 198. Neither is an outstanding judgment against the covenantor a breach of the covenant of seisin. *Sedgwick v Hollenback,* 7 *Johns. Rep.* 376.

6. Inasmuch, therefore, as these records were legal and proper evidence of the fact of an eviction, no inference can be fairly drawn that they were admitted to be evidence for any other purpose, because not objected to in the court below.

*Learned,* for the Appellee, (with the permission of the court,) in answer to the new matter urged in reply by the appellant's attorney.  1. Before the passage of the act of 1825, *ch.* 117, this court were concluded by the pleadings and the admitted evidence in the cause, although they were not by the bill of exceptions.

2. In *Gittings' Lessee v Hall,* 1 *Harr. & Johns.* 14, the testimony there *noticed* as having been *improperly introduced,* was a defective deed, from which the jury were directed to *infer a good title;* and the judgment was reversed, because the jury could not presume a fact contradicted by the production of the deed itself. It would have been different if the deed had not been produced. It was so decided by this court in *Beall's Lessee v Lynn,* 6 *Harr. & Johns.* 336. The evidence was illegally in the case—*a bill of exceptions was founded upon it,* and the court were bound to notice it, as a substantive part of the case, not as an incidental fact. In the present case, the testimony was proper to prove a *lawful eviction,* and was not objected to upon any ground. It must, therefore, be conclusive, not only to prove that such proceedings were had, but that they were correct, proper, and conclusive between the parties. In *Gittings v Hall,* would the court have rejected the evidence of *Hall's* deed, if the parties had admitted it to have been a good deed?

3. In *Greenby v Wilcocks,* 2 *Johns. Rep.* 1, 4, the court say expressly that the declaration must state that the eviction was by *process of law;* and judgment was finally rendered upon a

defect in the declaration. In the case before this court the eviction by a judgment at law is alleged. So in the case of *Foillard v Wallace*, 2 *Johns. Rep.* 395, the plea of the defendant did not allege a *lawful title*, but only a claim; but the court said that the title of the defendant, as derived from the plaintiff, was to be considered a *lawful title;* for it had received the sanction of the commissioners, and the other claim set up was frivolous, because it had received no judicial sanction. In the case before this court the claim to dower *had received a judicial sanction;* and this court have no power incidentally, and in this indirect manner, to presume that the decision of the court below was not correct, unless that decision had come legally before them for adjudication; especially as the defendant below admitted it to be so, and the case has come here under that admission, both by the plea and all the evidence. The authority referred to by the appellant's counsel would apply, as well to the plea in this case, as to the one referred to in the authority. The records and proceedings of *Harford* county court are not only evidence of *eviction*, but an *eviction by process of law*. The appellee could not resist, nor was he bound to resist it further than he did. The proceedings on the chancery side of that court were in aid of the defence at law, by an application for relief to the concurrent power of the same tribunal. The confession of the judgment at law, it is conceived, was no error in the appellee, for he had no defence to make to the legal demand for dower. The title to dower in Mrs. *M'Comas*, was paramount in law to the title under which the appellee claimed; and it was no error that he confessed the judgment, which he could not resist. In *Hamilton v Cutts*, 4 *Mass. Rep.* 349, it was so decided; and further, that if such eviction be by judgment at law, such judgment will be plenary evidence, unless obtained by fraud. Here no fraud is alleged. The other authorities, referred to by the counsel of the appellant, do not vary the position taken on the part of the appellee.

*Curia adv. vull.*

STEPHEN, J. at this term, delivered the opinion of the court. This is an action of covenant brought in *Baltimore* county court by the appellee against the appellant's intestate, in which

it is stated that the appellant's intestate on the 9th of November 1815, by deed, bargained and sold to him all that tract or parcel of land lying in *Harford* county, known by the name of *Horse Range*, for the consideration therein mentioned, and in said deed covenanted to warrant and defend the same against the lawful claims of all persons, and that the plaintiff might hold and enjoy the same. The plaintiff averred that he entered thereinto accordingly, but could not hold the same free of incumbrances; neither did the vendor warrant and defend the premises according to his covenant, though requested to do it. But that one *Elizabeth M'Comas*, being then and ever since lawfully entitled to dower, recovered judgment thereof in a suit against the appellee; and also, upon a bill filed in the court of *Harford* as a court of equity. And by force of a writ of execution issued out of said court, on said judgment at law, the said *Elizabeth M'Comas* entered into the premises, and evicted the plaintiff below, (the now appellee,) therefrom, and holds one-third part thereof by legal assignment, as and for her dower. To this declaration the defendant pleaded, that he had not broken his covenant; and issue was joined between the parties. On the trial of the cause, the plaintiff gave in evidence to the jury the deed containing the covenant of warranty under which he claimed title to the property in which dower was claimed by *Elizabeth M'Comas*. He also gave in evidence a record of an action of dower by *E. M'Comas*, brought in *Harford* county court against him, in which there was a confession of judgment, and an execution, by virtue of which, her dower was laid off and assigned to her by the sheriff. And he further gave in evidence the record of a suit on the equity side of *Harford* county court, in which, as complainant, he prayed for, and obtained an injunction to stay proceedings on said judgment, in which suit a commission issued to take testimony; and that, on the return of the commission, the cause was set down for final hearing, and the bill dismissed. It appeared by the proceedings on the equity side of the court, that in 1794, *N. D. M'Comas* was seized of the land in question, and in March 1794, he executed a bond for conveying the same to a certain *C. A. Desables*, who paid a considerable part of the purchase money to *M'Comas*, and gave his bond for the residue; that on

the 18th of July 1795, *M'Comas* executed a deed for said land to *Desables,* at which time *Desables* executed a mortgage to *M'Comas,* for the residue of the purchase money; that on the 23d of July 1794, *N. D. M'Comas* married *Elizabeth M'Comas;* that *Desables* sold and conveyed the land, and the title is now in *Billingslea,* and that *Elizabeth M'Comas* had recovered her dower in the land.   Upon this evidence the defendant prayed the opinion of the court, and their direction to the jury, that as the plaintiff had never prosecuted any appeal or writ of error from the judgment or decree aforesaid, or from either of them, the plaintiff is not entitled to recover.   Which opinion and direction the court refused to give; but were of opinion, and so instructed the jury, that upon the evidence, if the jury believed the same, the plaintiff was entitled to recover. Whether the court below were correct in the opinion pronounced by them, is the question to be decided by this tribunal.   It appears by the facts in the case, that at the time *N. D. M'Comas* executed a deed for the land to *Desables,* he was married to *Elizabeth M'Comas,* in whom a right of dower at law had unquestionably vested; for although the equitable interest was vested in *Desables,* by virtue of his contract of purchase, and a part payment of the purchase money, still the legal title remained in *N. D. M'Comas;* and although the wife would not be dowable in equity, under such circumstances, the vendor, in the view of that court, being considered a trustee of the land for the vendee, and the principle being clearly settled, that a wife is not dowable of a trust, (for which see *Sugden on Vendors,* 130;) yet the wife's right of dower clearly existed at law.

The next question is, was *Billingslea* bound to prosecute an appeal from the judgment at law?   Under all the circumstances, we think he was not; not only because he had not the shadow of a defence at law, but because he filed his bill on the equity side of *Harford* county court, where, if any where, the claim of dower could only be successfully resisted, by which court the bill, on final hearing, was dismissed.   Upon this view of the subject, this court are of opinion that there was no error in the opinion of *Baltimore* county court delivered to the jury, and that the same ought to be affirmed.

JUDGMENT AFFIRMED.