## CHRISTIANA EDELEN, Adm'x of FRANCIS EDELEN, *vs.* THOMAS H. EDELEN.

A widow was appointed by the orphans court administratrix of her deceased husband, and afterwards a party who was named executor in a testamentary paper, filed his petition asking that the paper should be admitted to probate and the letters previously granted revoked. The administratrix answered and objected to the admission of this paper to probate, and applied for issues to try its validity, which were granted. HELD:

That the administratrix was the *actor*, assailing the paper as a will, and therefore entitled to be the *plaintiff* in the trial of the issues, and might apply to be so made plaintiff even after the jury were sworn.

Where several prayers are rejected and the court grants an instruction of its own, and the party offering the prayers excepts " to the refusal of the court to grant the said instructions as prayed," the subject of the court's instruction is not open upon appeal.

The propriety of the decisions of the orphans courts cannot be collaterally inquired into.

APPEAL from the Circuit Court of Prince Georges county.

In this case three issues were sent from the orphans court to the circuit court of Prince Georges county, to try the validity of a certain paper purporting to be the will of Francis Edelen, deceased.

The proceedings in the orphans court upon the application for issues, show that letters of administration upon the personal estate of said Francis Edelen, had been granted to his widow, the appellant, which letters still remain unrevoked: also that by a marriage settlement executed in contemplation of her marriage with the said Francis, her whole separate real and personal estate had been settled upon the appellant to her sole and separate use, in consideration of which she agreed by said settlement to take the said provision "for her jointure in lieu, bar and full satisfaction of all such dower and thirds at law, which she might or could have had, claimed or been entitled to, out of or from any freehold or personal estate, which the said Francis Edelen now is or may at any time hereafter be seized and possessed of."

The order transmitting the issues did not direct which party should be defendant or plaintiff, but the case was docketed

in the circuit court so as to make the appellee the plaintiff. At the trial two exceptions were taken by the appellant, the first of which relating to the *status* of the parties on the docket, is fully stated in the opinion of this court.

*2nd Exception.* The paper purporting to be the will is dated the 1st of May 1847, and was signed by the said Francis without witnesses, and professes to be "a schedule of property of Francis Edelen carried to Hard Park in 1834 and 1835;" then follows an enumeration of various articles of personal property, and at the bottom is this, *Mem.* 1:—"N. B. I wish Harrod Edelen to get Mr. Tuck to join him in administering upon my little estate." The said Francis died in December 1853. After testimony had been offered by the appellee, the plaintiff below, to establish the execution of this paper, the defendant, the present appellant, asked three instructions to the jury:

1st. That unless they find from the evidence that said paper was intended by Francis Edelen as his final determination, and contains his whole will, they must find for the defendant.

2nd. That unless they find from the evidence that said paper admitted to probate would carry out the whole wishes of the testator at the time of its execution, then they must find for the defendant.

3rd. That unless they find from the evidence that said paper is the last will and testament of Francis Edelen, and was intended by him as such as it stands, and that no alteration of the same was intended by him, and as it stands it carries out his whole final wishes, then they must find for the defendant.

But the court, (CRAIN, J.,) refused to grant said instructions, and gave the instruction stated in the opinion of this court, and the defendant excepted in the manner stated in said opinion. The verdict was in favor of the will upon all the issues, and the defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLE-STON and MASON, J.

*Daniel C. Digges* and *John M. S. Causin* for the appellant.

This court has nothing to do with the validity of Mrs. Edelen's appointment as administratrix. She has been appointed by the orphans court, and her letters have never been revoked nor her appointment appealed from, and this appointment cannot be collaterally attacked. 2 *H. & G.*, 49, *Raborg vs. Hammond.* 4 *Md. Rep.*, 448, *Wilson vs. Ireland.* She being the administratrix, it was her right and duty to interpose a *caveat* to the proposed will. We insist, then:

1st. That there was error in the ruling of the court below in the *first* exception, because upon issues to try the question of *devisavit vel non*, it is the privilege of the caveator to open and conclude. 7 *Gill*, 10, *Brooke vs. Townshend.* The appellant was for all the purposes of this dispute the caveator; she was the *actor*, and raised the question of its admissibility to probate. Nor was the application to change the *status* of the parties too late. In the case of *Edelen vs. Gough*, 8 *Gill*, 88, the jury were examined on their *voir dire* after the counsel had *struck the panel.* The court clearly had the right, under the act of 1809, ch. 153, to make this change; it was nothing but an application to amend the *error* of the clerk in docketing the case. The case of *Stockton vs. Frey*, 4 *Gill*, 407, was decided solely upon a rule of the county court set out in the record. The discretion vested in the courts in such case by the act of 1809 is a *sound legal discretion*, to the proper exercise of which the parties are entitled. 1 *H. & G.*, 407, *Union Bank vs. Ridgely.*

2nd. Our prayers contained in the *second* exception should have been granted. The will was not a will if any thing remained, and was intended to be added and reserved for future addition and amendment. 3 *Md. Rep.*, 134, *Plater vs. Groome.* 4 *H. & J.*, 173, *Tilghman vs. Steuart.* 3 *Swinburne on Wills*, 969. *Modern Probate of Wills*, 32, 33. A will is a disposition of property, (1 *Jarman on Wills*, 1,) but this paper makes no disposition *whatever* of *any* property.

3rd. The instruction of the court was clearly erroneous. It was an *imperative order* of the court, taking from the jury

the right to find any fact connected with the execution of the paper propounded; an invasion of their rights, which the court had no authority to make. 6 *G. & J.*, 63, *Crawford vs. Berry.* 11 *G. & J.*, 479, *Ragan vs. Gaither.* 5 *Md. Rep.*, 63, *Bridendolph vs. Zellers.* 1 *Do.*, 451, *Grove vs. Brien.* 3 *Do.*, 146, *Gaither vs. Martin. Ibid*, 265, *Lewis vs. Kramer & Rahn.* But this instruction was wrong for another reason; it submitted to the jury a question of law as to what constitutes a last will and testament. *Modern Probate of Wills*, 1. Again, this instruction did not confine the jury to the evidence in the cause as the basis of their verdict.

*Samuel H. Berry* for the appellee.

The appellant has no right to object to the probate of this will, because by her marriage settlement she had divested herself of all interest in her husband's estate. 5 *Md. Rep.*, 324, *Maurer vs. Naill.* Therefore, though the rulings of the court below may be wrong, still this court will not award a *procedendo*, because no injury has resulted to the appellant. But we say these rulings were correct:

1st. The ruling in the *first* exception is correct, because after the jury were sworn it was too late to entertain a motion to change the position of the parties on the record. 4 *Gill*, 407, *Stockton vs. Frey.* But such change would not have conformed to the facts, because no *caveat* was filed by the appellant in the manner contemplated by law, so as to put at issue directly the question of *devisavit vel non.* The act of 1798, ch. 101, sub-ch. 2, secs. 9 and 10, points out the mode of procedure in caveating wills; it must be done by a party coming in and objecting by petition, and not by an answer to a petition filed against him.

2nd. The first prayer in the *second* exception was correctly refused, because by the paper propounded the deceased did not intend to make a testamentary disposition of his property, but only intended it to operate as a testamentary appointment of his executor. 1 *Wms. on Exc'rs*, 184, 196. The second prayer was also properly rejected, because there was no evi-

dence offered by the appellant to show that at the time of its execution the paper did not carry out the whole wishes of the testator, and that it was not afterwards accepted by him. 9 *Gill,* 44, *Boofter vs. Rogers.* There was no proof that he intended any alteration in the paper, and that it will not carry out his whole final wishes, hence the fourth prayer was correctly refused.

3rd. The instruction of the court to the jury covered the whole case as supported by the evidence. 3 *Gill,* 459, *Mutual Safety Ins. Co. vs. Cohen.* 5 *Gill,* 484, *Hall vs. United States Ins. Co.* 3 *Md. Rep.,* 341, *Life Ins. Co. vs. Flack.* This instruction was not excepted to and no objections can now be urged against it.

LE GRAND, C. J., delivered the opinion of this court.

This is an appeal from the circuit court of Prince George's county. It appears from the record that the appellee filed his petition in the Orphans court, asking that letters of administration, which had been formerly granted to the appellant on the estate of Francis Edelen, should be revoked, and that a certain paper writing, referred to in the petition, as executed by the intestate of the appellant, should be admitted to probate as and for the last will of the said Francis Edelen. The appellant answered the petition and insisted that her letters of administration should not be revoked, and that the said paper writing should not be admitted to probate. On her application the Orphans court framed three issues, and sent them to the circuit court for trial. These issues all relate to the paper propounded as a will. The Orphans court did not designate which of the parties was to be considered as plaintiff and which as defendant. The jury were sworn "to try the issues between Thomas H. Edelen, plaintiff, and Christiana Edelen, administratrix of Francis Edelen, defendant."

After the jury were sworn, but before any testimony was given, the appellant prayed the court to change the *status* of the parties so as to make Christiana Edelen caveator, and Thomas Edelen caveatee. This the court refused, and it is

this refusal which constitutes the first exception. The object and purpose of the appellant in making this application to the court was to secure the privilege to her counsel of opening and closing the case before the jury; a right to which we think she was clearly entitled under the decisions of the Court of Appeals. It was she who first denied the validity of the paper as a testamentary paper, and asked for issues to determine that question. The issues relate to the fact of the execution of the paper, the place where it was found deposited, and the intention, if executed by the deceased, in executing it.

So far as the question we are now considering is involved, we see no difference between this case and that of *Brooke, et al., vs. Townshend,* 7 *Gill,* 10. In that case the caveatees claimed, as matter of right, that they should open and conclude the argument before the jury. The county court was of a different opinion, and the Court of Appeals concurred with them. At page 25 of the report of the case, the court say: "It appears to us to be perfectly clear that in a case thus situated, the caveators are to be regarded as the assailants of the will; as the *actors* who originated this proceeding, and who were therefore entitled to be placed upon the record in the attitude of plaintiffs." In the case now before us, the appellant was undoubtedly the *assailant* of the paper as a will, and the *actor* who originated this proceeding, namely, the framing of issues to try its validity as a testamentary paper. But it was argued by the counsel for the appellee that it was too late—the jury having been sworn—to make the motion which was made on behalf of the appellant, and the case of *Stockton vs. Frey,* 4 *Gill,* 407, was relied upon to sustain this view. The cases are not similar in their character; besides, that case was decided under the 20th rule of Baltimore county court, which was made a part of the record, but which can have no influence in this case. We think the circuit court erred, and therefore reverse it on this exception.

The second exception sets out three prayers offered on behalf of the appellant, and then states: "But the court refused to grant the said instructions as prayed by the defendant, and

gave the following instructions to the jury:—That they must
find that the paper was executed by the said Francis Edelen,
as his last will and testament, and to carry out his wishes in
reference to the same; to which *refusal of the court to grant
the said instructions as prayed*, the defendant by her counsel
excepted, and prayed the court to sign and seal this her bill
of exceptions," &c.

According to our view, the instruction which was given by
the court is not now before us, no exception having been taken
to it. In the case of *Abell's adm'x vs. Harris*, 11 *Gill & Johns.*,
367, it was held, that when a party prays an instruction which
the court refuses, but proceeds to give a direction of its own,
the whole of which is incorporated in one exception, and by
which it appears that objection was taken below only to the
*refused instruction*, the subject of the court's direction is not
open upon appeal. The only question to be considered under
the second exception is, whether the court did right in reject-
ing the prayers presented on behalf of the appellant? With-
out noticing the first and second instructions asked, we think
the court erred in refusing the third. It submits to the find-
ing of the jury certain facts which are indispensable to the
establishment of the paper as a will of Francis Edelen; and
in looking to the instruction which was given by the court, it
is difficult to discover why the instruction asked was denied,
for the court, although the form of its direction is imperative
upon the jury, yet seems to contemplate the necessity of the
jury finding the paper was executed as his last will, and did,
in fact, express fully his wishes. Had the instruction given
by the court left it to the jury to find *from the evidence* the
facts set out in it, we should have affirmed the judgment, be-
cause in that event the appellant would have suffered no wrong
by the rejection of his prayer; but inasmuch as the direction
of the court was imperative, and left nothing to the jury to
find from the evidence, the appellant was damnified by the
rejection of her third prayer. But it was said in argument,
that conceding error in the court below in regard to the in-
structions asked and given, still the appellant was not injured,

because the marriage contract with her husband deprived her of all interest in his estate, and she therefore had no right to interpose any objection to the probate of the paper propounded as his will. This court did decide on the particular language of the contract, in the case of *Maurer vs. Naill and others*, 5 *Md. Rep.*, 324, that a widow, who, by an ante-nuptial agreement, had relinquished her rights to her husband's estate, in virtue of the marriage, has no right to administer upon his estate, nor to object to the validity of the probate of his will. We see nothing erroneous in that decision; but the question is not before us on this appeal. If the appellant have no right to letters of administration, and if they have been improvidently granted to her, they can be revoked by a direct application to the Orphans court for that purpose. The propriety of the action of the Orphans court cannot be collaterally inquired into. *Raborg vs. Hammond*, 2 *H. & G.*, 42, and *Wilson vs. Ireland*, 4 *Md. Rep.*, 444.

*Judgment reversed and procedendo awarded.*