Richardson, Oh. J.,
delivered the opinion of the court:
The claimant, as the record shows, was appointed administrator of the estate of Daniel A. Connolly by the supreme court of the District of Columbia, holding a special term for orphans’ court business, on the very day on which his application for the same was made to said court.
The defendant files a special plea to the representative character of the claimant, upon the ground alleged that the grant of administration is null and void because made on the day of application to the court without the delay of seven days required by law. To this the claimant demurs. The defendant relies upon the old statutes of Maryland, which are in force in this District by virtue of the provisions of section 92 of the Revised Statutes of the District of Columbia and the earlier acts from which that section is drawn:
“ Sec. 92. The lawsof the State ofMarylandnot inconsistent with this title, as the same existed on the twenty-seventh day of February, eighteen hundred and one, except as since modified or repealed by Congress or by authority thereof, or until so modified or repealed, continue in force within the District.”
The provisions of the Maryland statute conferring jurisdiction to grant letters of administration passed January 20, 1799, chapter 101, subchapter 5 (2 Maryland Laws, edited by William Kilty, and printed in 1800), are as follows:
“2. Whenever any person hath died intestate, leaving in this State goods, chattels, or personal estate, letters of administration may forthwith be granted by the orphans’ court of the county wherein was the party’s mansion house or residence; or in case he or she had no mansion or residence within the State, letters shall be granted in the county where the party died; and in case the party neither had mansion or residence, ror died within the State, letters may be granted in *162 the county wherein lies, or is supposed to lie, a considerable part of party’s personal estate.
“ 3. It shall be incumbent on any person applying for such letters, to prove such dying intestate to the satisfaction of the court, unless the same be notorious; and the court may examine such person on oath or affirmation, touching the time, place and manner of the death, and whether or not the party dying left any will; and if such dying intestate be not proved to the satisfaction of the court, no letters of administration shall be granted; no such letters shall be granted until at least twenty days after the death of the supposed intestate, and at least seven days after application for the same.
“ 1. If such letters shall be granted, and a will for the disposing of the personal estate of the deceased shall afterwards be proved according to law, and an executor or executrix, or executors, named therein, shall apply for letters testamentary within thirty days thereafter, and shall be capable of the same, and shall execute a bond as aforesaid, letters testamentary shall be accordingly granted, and the same shall be construed as a revocation of the letters of administration: provided, nevertheless, that all acts done by any administrator or ad-ministratrix according to law, before any actual or implied revocation of the letters of administration shall be valid and effectual. * * *”
It will be seen that it is section two which confers the authority to grant letters of administration upon the estate of any person who hath died intestate, and it is there expressly provided that they may be granted forthwith. The next following section, three, upon which the defendant wholly relies, relates only to the matter of proof of dying intestate, and if that be notorious no proof whatever is required. If it be not notorious, then the facts must be proved, and in that case there must be a delay of at least seven days after application.
Whether the fact that the person died intestate be notorious or not is a matter entirely within the knowledge and judgment of the judge who holds the court for the time being, and his decision thereon cannot be called in question, but is final and conclusive.
These provisions were no doubt made for public convenience to meet that large number of cases where the facts are so well known to the judge or appear from the common consent of the next of kin and-parties interested, whose character and standing in the community are known to him, and where it may be desirable and important to grant administration *163 forthwith, while requiring proof and delay whenever the judge has any doubt on the subject.
The limitations of section 3 seem to be merely directory, and if disregarded do not render the proceedings void. If the facts should subsequently appear otherwise than assumed as notorious by the judge, that might be a sufficient cause for setting aside the grant of administration upon application of parties in interest when their rights have been injuriously affected. Section 4 makes ample provision for the case of- a will being afterwards discovered and proved, in which case the appointment of an executor, while it is to be construed as a revocation •of the previously-granted letters of administration, expressly ratifies and makes valid all the acts done by the administrator before such revocation.
"But if there were any inadvertence or error in the grant of administration as claimed, defendant cannot take advantage of it in a collateral proceeding like this in a court other than the one where letters were granted and where any error may be corrected, as apjoears from the decisions of the courts of Maryland, which being the parent State from which the laws of the District are derived, are entitled to great weight in the interpretation of the Maryland statutes. (Fiswick v. Sewell, 4 Harris & Johns., 393; Edelen v. Edelen, 6 Md., 288; Wilson v. Ireland, 4 id., 444; Raborg, adm’r, v. Hammond, 2 Harris & Gill., 49.)
In the latter case the plaintiff as administrator brought an action of replevin in a county court, and it was proved, or offered to be proved, that his appointment as administrator was granted in a county other than that in which the deceased resided and died, contrary to the statutes of Maryland, and it was claimed that the appointment was void. Upon that point the court of appeals said:
“ It cannot be denied that if Andrew Hammond resided and died, as is alleged, in Anne Arundel county, that the orphans’ court of Baltimore County had no authority to grant on his estate letters of administration to the appellant.
“ But the question is, such letters having been granted, is it competent for a court of law in which a suit may be instituted by the administrator, to go into an inquiry whether administration has been rightfully granted or not":
“If such inquiry can be made in this incidental collateral mode of proceeding, you convert the county courts into appel *164 late tribunals to revise and reverse the decrees of the orphans’ court on subjects over which, by law, they have the sole and exclusive jurisdiction, and in relation to which their acts can only be reviewed by regular appeal to the court of chancery or court of appeals ; and this inquiry, too, if tolerated, would generally work injustice and operate as a surprise upon the party, and resting, too, on verdicts of juries, the question of administration would ever be involved in perilous uncertainty; a verdict delivered in one, case would be no evidence on a trial in another; conflicting verdicts might be given by different juries in the same term and in the same court, and every consideration, therefore, of convenience, justice, and public policy, demands that the question of administration, when Anally determined by the tribunals created for that purpose, should never be a subject of doubt or litigation when accidentally arising in other courts. Such an anomaly in judicial proceedings this court would never willingly sanction. * * * For this evil the orphans’ courts alone are competent to apply a remedy. If letters of administration have been improvidently issued, or have been obtained by fraud or deceit, they may be revoked by them upon application made for that purpose. * * * ”
If the claimant’s letters should be revoked on account of the probate of a will, the defendant will be. fully protected by the provisions of the fourth section above quoted if judgment should be recovered against the District and paid to the administrator before the re.vocation of his letters.
In these conclusions we recognize and adopt as sound what is understood to have always been the practical interpretation given to the statutes by the courts of this District.
The demurrer to defendant’s special plea is sustained.
Nott, J., was absent when the case was submitted, and took no part in the decision.