## RICH *v.* LEMMON.

PRACTICE; WILLS; TRIAL OF ISSUES; ALIGNMENT OF PARTIES; APPEALABLE ORDERS.

1. Where the issues framed on a caveat filed to the probate of a will are as to the due execution of the alleged will, as to the testamentary capacity of testatrix, and as to the exercise of fraud or undue influence upon the testatrix, the position of plaintiff, upon the trial of such issues, with the right to open and close, is properly given by the trial court to the caveatee, as the party upon whom the burden primarily rests of proving the due execution of the paper purporting to be a will.

2. The ruling of the trial court upon the question of the alignment of the parties upon the trial of issues framed upon a caveat to a will, is not appealable; *following* Overby v. Gordon, 13 App. D. C. 406.

No. 901. Submitted November 8, 1899. Decided December 6, 1899.

HEARING on an appeal by the caveators from an order

of the Supreme Court of the District of Columbia, holding a special term for Orphans' Court business, admitting a will to probate after the trial by jury of issues framed upon a caveat to the will. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. John Ridout* for the appellant.

*Mr. George C. Payne* and *Mr. James H. Taylor* for the appellees.

Mr. Chief Justice Alvey delivered the opinion of the Court :

This case is brought here on appeal from an order made by the court below admitting to probate the last will and testament of Frances M. Laughran, deceased. There was a caveat filed to the grant of probate, and issues were framed thereon to be tried by a jury. The issues were three in number. The first was, whether the paper writing propounded for probate, was the last will and testament of the deceased, duly executed by her and attested in due form of law? The second was, whether the testatrix, at the time of the execution of the paper, was of sound and disposing mind and capable of executing a valid deed or contract? And the third was, whether the execution of the paper writing propounded for probate was procured by fraud or undue influence practiced upon the testatrix by Mary C. Lemmon or any other person? These issues were tried by a jury, and the finding on the first two issues was in the affirmative, and on the third in the negative. Upon this finding the paper was duly admitted to probate.

At the trial of the issues, the question arose as the position of the parties upon the record—who should occupy the position of plaintiff, with the right to open and conclude, and who that of defendant. The court ruled and ordered that the caveatee should be the plaintiff, and the caveator

the defendant. To which ruling of the court the caveator excepted; and the question on this exception is the only question presented on this appeal.

It is very clear, we think, that this appeal can not be maintained. The *onus* of proof, as to the first two issues, was, by the nature and form of such issues, upon the caveatee or proponent of the paper as the will of the deceased, but the *onus* of proof as to the third issue was upon the caveator. In such case as the present, therefore, it would seem to be altogether proper that the caveatee should have the opening and conclusion of the evidence, and of the argument before the jury, as until the due execution and attestation of the paper were proved by the proponent of the paper as the last will and testament of the deceased, the caveator would not be called upon for evidence, and there would be nothing to be assailed by proof. In other words, until the *factum* of the will is either admitted expressly or by the form and nature of the issues to be tried there is no substantive matter presented to which the proof of the caveator could formally and orderly be addressed. The question, however, of the position of the parties in the trial of such issues would seem to be largely a matter of discretion of the trial court, and from the determination of such question no appeal will lie to an appellate court. It is true, in some jurisdictions, as in the courts of Maryland, it would seem to be settled as matter of practice that the caveator, being the assailant of the alleged will, is generally assigned the position of plaintiff upon the record, with right to open and close, and that the determination of the question is a subject-matter of review by the appellate court of the State. *Townsend* v. *Townsend*, 7 Gill, 10; *Edelen* v. *Edelen*, 6 Md. 293. But in the courts of the United States the rule is different, and there is no appeal from the decision of such question; the matter resting in the discretion of the trial court, there is no review of such decision by an appellate court; and we think this is the proper practice.

*Day* v. *Woodworth*, 13 How. 363; *Hall* v. *Weare*, 92 U. S. 728; *Lancaster* v. *Collins*, 115 U. S. 222; *Overby* v. *Gordon*, 13 App. D. C. 406.

It follows that the appeal must be dismissed. .

*Appeal dismissed.*