## Samuel B. Wilson, Adm'r *ad colligendum* of Samuel Owens, *vs.* William Ireland.

In a suit by an administrator *ad colligendum*, it is not competent for a court of law to inquire whether the letters were properly granted by the orphans court or not, and it makes no difference that the right to sue be raised by *a plea*, whether the question be raised by plea or not, the measure of the proof being the same.

All that it is important for a plaintiff to establish, when his right to sue as collector is put in issue, is, that he had been appointed and bonded before suit brought, and the original letters *ad colligendum*, and his bond duly filed and recorded in the office of the register of wills, are sufficient proof of these facts.

The signing, sealing and delivery of a bond, are *prima facie* evidence of its acceptance and *approval*.

Appeal from the Circuit Court for Calvert county.

This was an action of *replevin*, brought by the appellant, as administrator *ad colligendum* of Samuel Owens, deceased, against the appellee, to recover a negro slave, alleged to belong to the estate of the said Owens. The *first* plea of the defendant, (which is the only one necessary to be noticed,) denies that the plaintiff is, or ever was collector, as alleged in the declaration, and issue was joined thereon.

*Exception.* To maintain the issue on this plea, the plaintiff offered the evidence stated in the opinion of this court. The defendant prayed the court to instruct the jury, that the proof so offered was not legally sufficient for the plaintiff to maintain the issue joined upon said plea, which instruction the court, (Brewer, J.,) granted. The verdict and judgment was in favor of the defendant, and the plaintiff appealed.

The cause was argued before Le Grand, C. J., Eccleston and Mason, J.

*John M. S. Causin* for the appellant. The declaration avers that letters *ad colligendum* were granted to the plaintiff on the 23rd of February 1849. The letters are in the exact form

prescribed by the act of 1798, ch. 101, and are without date. The collector's bond is dated the 23rd of February 1849, and was duly recorded, and there is nothing to show that the letters were granted before the bond was executed.

The orphans court has *exclusive* jurisdiction over the subject of granting letters *ad colligendum*, and it will be *presumed* to have acted correctly on the subject matter within its jurisdiction; and upon its action, so within its jurisdiction, this court has no cognizance, except upon appeal *directly* from *that court.* 2 *H. & G.*, 49, 50, *Raborg vs. Hammond.* This court must presume that the officers of the court did their duty properly, and acted in conformity with law. 11 *G. & J.*, 456, *State vs. Mackall.* Even if the proceedings of the orphans court were defective, this defect cannot be noticed incidentally. 4 *H. & J.*, 406, 429, *Fishwick vs. Sewell.* 2 *H. & G.*, 49, 50. 1 *H. & G.*, 4. 3 *G. & J.*, 103, *Fridge vs. The State.* If necessary to show approval of the bond, the filing and recording of it, coupled with the evidence of the invariable habit of the register, was sufficient. 1 *H. & G.*, 417, 418, *Union Bank vs. Ridgely.* 1 *Md. Rep.*, 11, *Milburn vs. The State.* There was no necessity of a written approval. 7 *G. & J.*, 261, *Young vs. The State.*

*A. Randall* for the appellee.

The right of the plaintiff to sue as collector was *directly* put in issue by the plea, and it was therefore incumbent upon him to show that he had been duly appointed such collector according to the provisions of the act of 1798, ch. 101, prescribing the circumstances under which letters *ad colligendum* will be granted. The 11th sec. of the 3rd sub-ch. of this act prescribes, that "*before* letters to collect shall be granted the party shall give bond, with approved security, in such penalty as the *court* shall direct." The court *alone* has the power to fix the penalty of collectors' bonds, whilst the court *or register* has this power in reference to executors. By this act collectors were forbidden to sue, and this authority was given to

them by the act of 1805, ch. 101, sec. 5, "after complying with the *requirements* of the act of 1798."

Now the evidence in this case shows that the letters were granted before the bond was executed, because the order directing the grant of such letters was passed on the 20th of February 1849, whereas the bond is not dated until the 23rd of that month. It does not show that the court ever directed any bond should be given, or prescribed any penalty for such bond. The letters upon their face bear no date, and if the plaintiff had stopped here with his proof there could be no question that such letters would not have authorised him to sue. To fix their date the entries of the proceedings of the orphans court were offered, and these not only prove that the court never fixed the penalty of the bond, and never approved of it, but that it never *could* have approved of it, and that it was never *offered* to them for approval, for at its date the court *was not in session*. There must be some evidence of the approval of the bond, either by endorsement of such approval upon it, or by an order of the court to that effect. 2 *G. & J.,* 73, 79, *Winchester vs. The Union Bank.* 11 *G. & J.,* 382, *Bruce vs. The State.*

The question as to the validity of these proceedings of the orphans court is not raised *incidentally*, but *directly* by a *plea* and issue upon it, and in this respect the case differs from that of *Raborg vs. Hammond,* 2 *H. & G.,* 49, 50, cited on the other side. See also the case of *Hall vs. Sewell,* 9 *Gill,* 146, to point that this court can examine into the regularity of the proceedings of the orphans court.

LE GRAND, C. J. delivered the opinion of this court.

This is an action of replevin, instituted by the appellant, in his capacity of administrator *ad colligendum* of Samuel Owens, deceased, against the appellee, to recover a negro slave alleged to belong to the estate of Owens. The defendant interposed several pleas, only the first of which, however, it is necessary for us to notice, which is a denial of the plaintiff having been appointed collector, &c., of Samuel Owens.

The plaintiff, to sustain the issue joined on this plea, gave in evidence the original letters *ad colligendum*, which are *without date;* and also the bond of the plaintiff, dated the 23rd day of February 1849, on which was endorsed, as appears from the certificate of the register of wills of Calvert county: "Sam'l B. Wilson, collector of Samuel Owens, to the State of Maryland, Bond filed the twenty-third day of February, eighteen hundred and forty-nine. Recorded in liber SSH, No. 1, folio 33, and examined per Richard Mackall, Register." He also gave in evidence the original minutes of the application of the plaintiff to the orphans court for the award of the letters to him, from which appeared, under date of Tuesday, February 20th, 1849, the following entry: "On application of captain Samuel B. Wilson, it is ordered by the court, that letters *ad colligendum* be granted to him upon the estate of Samuel Owens, late of Calvert county deceased. The court adjourned until the second Tuesday in March, being the 13th day." In addition to the above, the plaintiff offered to prove by the register of wills of Calvert county orphans court, that the said court never caused any written evidence of their approval of the bonds of executors, administrators or collectors to be entered on their minutes, or endorsed on the bond, or kept or retained in any other manner, but that the habit and usage of the court was, upon the tender of the bond to them, verbally to direct the register to accept and record the same, and that upon such direction, the register recorded the bond, and that where letters testamentary were ordered by the court and the bond was subsequently given in vacation, it was the invariable habit of the register of wills, at the next session of the court, to tender such bonds to the court for approval, upon which approval they were recorded, and not before. The plaintiff also proved the death of Samuel Owens to have taken place before the date of his bond as collector.

On this state of facts, on motion of the counsel of the defendant, the circuit court instructed the jury, that the proof

was not legally sufficient for the plaintiff to maintain the issue joined upon the first plea.

In giving this instruction we think the court erred. The case of *Raborg vs. Hammond*, 2 *Harris and Gill*, 42, is directly in point. It was there held—in a case in which it was not only not denied, but conceded, letters of administration had been improperly granted—that in a suit instituted by the administrator, it is not competent for a court of law to go into an inquiry whether administration had been rightfully granted or not, and that in all cases in which letters have been granted improperly, application for their revocation ought to be made to the tribunal granting them, or an appeal prosecuted for a revision of its order in the premises. That decision is fortified by reasoning, which, in our judgment, renders it impregnable.

But, it is supposed, this case is somewhat different; and the difference in principle is stated to grow out of the fact, that here the right of the plaintiff to sue as collector is directly put in issue by *a plea*. This circumstance can make no difference, for, whether or not the question be raised by plea, the measure of proof is the same.

This action was instituted on the 13th of April 1849. The order directing the granting of letters *ad colligendum* was passed on the 20th of February 1849, and the bond of the plaintiff was dated and endorsed as of the 23rd of the same month and year.

As it does not appear the orphans court of Calvert county was in session on the 23rd of February 1849, nor that it ever fixed the penalty or approved of the bond, it is contended on behalf of the appellee, that under the 11th section of the 3rd sub-chapter of the act of 1778, chapter 101, the plaintiff was not, in point of fact, appointed collector. That section provides, that "before letters to collect shall be granted, the party shall give bond, with approved security, &c., in such penalty as the court shall direct."

All that it is important for the plaintiff to establish in this particular is, that he had been appointed and bonded before

the institution of this action, and we think he has offered sufficient proof of both facts. The case of *Winchester, Trustee of Williams, vs. Union Bank,* and the case of *Winchester, Trustee of Gooding, vs. Union Bank,* 2 *Gill and Johns.,* 73 and 79, but affirm the principle, that the trustee of an insolvent debtor is not invested with the functions of trustee, and cannot sue for, nor in any manner intermeddle with, the property of the insolvent until he has bonded.

The order appointing the plaintiff and the date of his bond are both prior in point of time to the institution of this action; and the cases are clear, that the signing, sealing and delivery of the bond, are *prima facie* evidence of acceptance and approval, and, to use the language of the court in the case of the *Union Bank of Md. vs. Ridgely,* 1 *Harr. and Gill,* 430, "we think the jury, in the absence of all other evidence respecting the execution of the bond, ought to have been permitted to infer, that it was duly executed and delivered, and accepted, which acceptance necessarily included the approbation of the" court, "or their satisfaction with the sureties, and is not necessary to be in writing." The bond which the court were considering in that case was not attested, and was found deposited among the archives and valuable original papers and documents of the bank, in an iron chest in the banking house of the corporation. In the case before us, the bond of the plaintiff was found among the papers of, and in the office of, the register of wills. In that case, as in this, counsel for appellee pressed on the court, (2 *H. & G.,* 396,) the argument, that it was only deeds, the face of which purported they were delivered on the day of their date, that it was held and presumed the delivery took place on the day they bore date, but the court held the argument unavailing. But in this case the bond purports on its face to have been signed, sealed and *delivered,* on the day it bears date.

*Judgment reversed and procedendo awarded.*