[No. 3467.]

## WILLIAM WHISENHUNT *v.* THE STATE.

1. LOCAL OPTION LAW — REPEAL.— It is a settled rule that the repeal of the local option law by the prescribed mode, pending an appeal from a conviction for its violation while in force, annuls the conviction.

2. SAME — CONSTITUTIONAL LAW.— Section 20 of article XVI of the Constitution of this State required that the Legislature, at its first session, should enact a law whereby the qualified voters of any county, justice's precinct, town or city, by a majority vote, may, from time to time, determine whether the sale of intoxicating liquors shall be prohibited within the prescribed limits. *Held*, that this provision contemplated that the authority to determine the question should be granted to justices' precincts of a county to the same extent that it should be granted to the county.

3. SAME — STATUTES CONSTRUED.— The laws enacted by the Legislature (Revised Statutes, articles 3227–3236), in conformity with the constitutional requirement, recognize justices' precincts, with reference to local option, as territorial subdivisions, equally as counties themselves; and provide for the adoption and abrogation of local option in precisely the same manner in justices' precincts as in counties, except as to the number of petitioners for their respective elections. Therefore the qualified voters of a precinct may assert their right to adopt local option, independent of the wishes of the people of the county, and the voters of the whole county may do the same without reference to the wishes of the people of a particular precinct.

4. SAME.— If local option be adopted in either the one or the other territorial subdivision, then it is further provided that the law remains in full force " until such time as the qualified voters therein may, at a legal election held for the purpose, by a majority vote, decide otherwise." *Held*, that this provision of the Code (Revised Statutes, art. 3233) means simply that, until the people of the entire county, at a county election, repeal it, when it has been adopted for the entire county, the law as to the entire county will remain unchanged; and it does not mean that the law cannot be changed as to any of the justices' precincts as subdivisions of the county. To give force and effect to a contrary interpretation of the said article would be to render nugatory the constitutional intention with respect to precinct, city and town rights, and to nullify the subsequent statute (article 3236), providing for another election within the prescribed limits, after the expiration of twelve months from the prior election.

5. SAME.— It is clear that article 3236 of the Revised Statutes prohibits any second election anywhere within the prescribed limits until twelve months have elapsed from the date of the adoption of the local option. It, however, provides expressly for another election after that time for the county, or " for any other " (election), which can only mean for justices' precincts, city or town, as the case may be. *Held*, that under the said article, when the county has adopted local option, and twelve months have elapsed, the people either of the entire county, or those of any justice's precinct, town or city in the county, may, upon proper petition, have a second election to determine its further operation or repeal within the prescribed limits of whichsoever subdivision thus demands the privilege to determine it. In other words, notwithstanding local option may have been enforced upon an entire county at a valid election by the qualified voters thereof, the qualified voters of any

precinct of such county may, in the mode prescribed by law, repeal the same as to such precinct after the lapse of twelve months. See the opinion *in extenso* on the question; and note, on this doctrine, the dissenting opinion of Hurt, Judge.

6. SAME.— Note the dissenting opinion of Hurt, Judge, to the effect that, under article 3228 of the Revised Statutes, the will of the qualified voters of a precinct, city or town, cannot be asserted in opposition to the will of the qualified voters of the county, except when the county has failed to adopt prohibition.

APPEAL from the County Court of Hood. Tried below before the Hon. T. J. Duke, County Judge.

The conviction was for the violation of the local option law, in Hood county, Texas, on the 4th day of March, 1884. The penalty imposed was a fine of $25.

It was shown by a certified copy of the order of the county court declaring the result of an election under the local option law in precinct No. 1 of Hood county, Texas, within which the offense was committed during the time that prohibition was in force throughout the said county, that the local option law had been repealed within the limits of that precinct, after the said conviction.

The motion for new trial raised the questions discussed in the two opinions delivered in this case.

*Cooper & Estes*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. At an election held to determine that question in September, 1883, "local option" was adopted throughout the entire county of Hood. Appellant was prosecuted and convicted for its violation, in the lower court, and appealed his case to this court. Subsequent to his conviction and appeal, to wit, in September, 1884, at an election regularly held to determine the question, "local option" was repealed in justice's precinct No. 1 of Hood county. It is shown by the evidence in the record in this case that the offense of which appellant was convicted was committed in the town of Granberry, the county seat of said Hood county.

Appellant now moves this court to reverse the judgment of conviction and dismiss this prosecution because the law which is claimed to have been violated has been repealed, and is no longer of force in that portion of the county where the offense was committed; and in support of his motion we are furnished with satisfactory evi-

d ence that the town of Granberry is situated in justice's precinct No. 1 of Hood county, wherein "local option" has been repealed.

It is a well settled rule that the repeal of the local option law by the prescribed mode, pending an appeal from a conviction for its violation whilst it was in force, annuls the conviction. (*Halfin* v. *The State*, 5 Texas Ct. App., 212; *Monroe* v. *The State*, 8 Texas Ct. App., 343; *Fitze* v. *The State*, 13 Texas Ct. App., 372.)

Mr. Cooley states the general rule thus: "If a case is appealed, and pending the appeal the law is changed, the appellate court must dispose of the case under the law in force when their decision is rendered." (Cooley's Const. Lim. (4th ed.), 477; *Sheppard* v. *The State*, 1 Texas Ct. App., 522.)

It was a requirement of the Constitution that the Legislature should, "at its first session, enact a law whereby the qualified voters of any county, justice's precinct, town or city, by a majority vote, may, from time to time, determine whether the sale of intoxicating liquors shall be prohibited within the prescribed limits." (Const., art. XVI, sec. 20.) Most clearly this provision contemplated that the authority to determine the question should be granted to justices' precincts of a county to the same extent as it should be granted to the county. In conformity with this provision the Legislature passed the general law providing for the adoption of "local option," and for its repeal, in precisely the same manner in justices' precincts as in counties, except as to the number of petitioners for said different elections. (Rev. Stats., arts. 3227–3236.)

In other words, as territorial subdivisions, justices' precincts of counties, with reference to local option, are recognized equally as counties, both in the Constitution and the law. The qualified voters of the precinct may assert their right to adopt it, whether the people of the county wish it or not; or the people of the whole county may adopt it for the county, without reference to the particular wishes of any one of the justices' precincts into which the county is subdivided. If it be adopted in either the one or the other territorial subdivision, then it is further provided the law remains in full force "until such time as the qualified voters therein may, at a legal election held for the purpose, by a majority vote, decide otherwise." (Rev. Stats., art. 3233.)

What does this provision mean? Simply that until the people of the entire county, at a county election, repeal it, where it has been adopted for the entire county, the law as to the entire county will remain unchanged. It does not and cannot mean that the law cannot be changed as to any of the justices' precincts as subdivisions of

the county; because to so hold would be to render entirely nugatory the constitutional intention as to precinct, city and town rights, whereby it required the Legislature to pass laws giving them the right, as well as counties, to "determine *from time to time* whether the sale of intoxicating liquors shall be prohibited within" their prescribed limits, and also another subsequent article of the statute which is of equal validity, and should be construed *in pari materia* so as that both may stand. This article reads: "No election under the preceding articles shall be held within the same prescribed limits in less than twelve months after an election under this title has been held therein; but at the expiration of that time, upon a new petition for an election signed by not less than fifty qualified voters of said county, *if for a county election*, and not less than twenty *if for any other*, being presented to the commissioners' court, said court shall, at the first regular session thereafter, *order another election* for the same purpose, said election to be ordered and conducted, and the result ascertained and declared, in all respects in the manner prescribed under this title *for the first election*." (Rev. Stats., art. 3236.)

This article clearly prohibits any second election anywhere within the prescribed limits until twelve months have elapsed from the date of the adoption of local option, but expressly provides for another, after that time, *for the county* or "*for any other*," which can only mean for "justice's precinct, town or city, as the case may be." When the county has adopted it, and twelve months have elapsed, it is clear that either the people of the entire county, or those of any justice's precinct, town or city in the county, may upon proper petition "from time to time" have a second election to determine its further operation or repeal within the prescribed limits of whichsoever subdivision may demand the privilege to determine it.

One of the primary intentions was to give to justices' precincts, cities and towns in a county the same right, "from time to time," to test the matter by election as a county should have. A county might not wish it, and yet, if a precinct, city or town desired it, the entire county could not prevent them from exercising their right to vote it. On the other hand, a particular precinct, town or city might be opposed to it, and yet they could not prevent the county, as a county, from adopting it and legalizing its enforcement in their particular locality, though directly against their wishes. When adopted by a county, all precincts, towns and cities in the county are bound by the county action, *nolens volens*. When adopted by a

precinct, city or town of a county, in so far as that particular sub-division of the county is concerned, its "local option" cannot be afterwards even interfered with, within its prescribed limits, much less nullified and repealed, by a county election held before the expiration of twelve months; because its wishes as to the matter, if once expressed in favor of the law at an election, becomes a vested right under the Constitution and law within its prescribed limits, for twelve months, to the same extent as would the right of a county be, under a county election, within the prescribed limits of the county.

In a word, the enumerated subdivisions, recognized both in the Constitution and the law, were vested with the same rights as were counties, provided they might desire to exercise and enforce such rights independently of county action. To say they cannot have it independently of the rest of the inhabitants of the county would be to nullify what every one must concede is the plain intention and provision of the law. For the same reason, *vice versa*, a county by a county election can force local option upon an unwilling precinct, city or town within the county limits, and they are bound to submit, though it may be contrary to their expressed wishes as shown at the ballot box in said county election. They must yield to the will of the majority for the space of twelve months. When the twelve months have elapsed, they may throw off the yoke, if they so consider it, and restore their rights by repealing the law in so far as their precinct, city or town is concerned. To hold otherwise would be to hold that they may be deprived, indefinitely, of their guarantied sovereignty in this particular. Such, we cannot believe, was ever intended. The terms "qualified voters therein," and "prescribed limits," used in the statute have reference rather to the character of the election than to the territorial limits. As, for instance, the prescribed limit of a county election is an election in the whole county, and nothing short of the whole county; but when an election is desired by a precinct, city or town, it cannot be said to be an election for "the prescribed limits" of the county, though the subdivision is within the county's "prescribed limits." A repeal of local option in a county can only be had by a majority of the "qualified voters therein;" that is, "within the prescribed limits" of the county; but the qualified voters of the county have no right to vote at an election held in a precinct in which they do not reside, because the election is not for the prescribed county limits, but for only the precinct subdivision.

But if the letter of the statute be conceded to be against the

views we have expressed, then it is a well-settled rule of statutory construction "that the intent and meaning should be followed although it may seem to be contrary to the letter of the statute." (Sedgwick on Statutory Construction, 256.) "Statutes are to be construed according to the intentions of the makers, if these can be ascertained with reasonable certainty, although such construction may seem contrary to the ordinary meaning of the letter of the statute." (Id., p. 313; 4 Cush., 314; 4 Md., 444.)

Our conclusion of the whole matter is that, where local option has been adopted in a county, the inhabitants of any justice's precinct, city or town in the county, may, after the lapse of twelve months, have a second election for their particular locality, in the manner pointed out by law for a first election; and that, in the event such second election results in the defeat of local option in said precinct, city or town, then the same is, as to such locality, as fully and completely repealed as though it had been repealed by a county election for the prescribed limits of the county.

But it may be insisted that the repeal of the law in a particular precinct, city or town cannot operate to annul a conviction which was previously had for a violation of a law passed for a whole county, nor to repeal a law which was not limited to its own special boundary, and that, whilst it might legitimately change the law so as to operate prospectively within its own limits, it could not adopt one which could operate retrospectively to annul even partially a law which it was without authority wholly to repeal.

In answer, we have only to say that the delegation by the Legislature to counties, justices' precincts, cities and towns, of authority to pass "local option laws" is valid and constitutional. (*Holly* v. *The State*, 14 Texas Ct. App., 505.) That, being legal and constitutional, such laws, when passed in conformity with the authority thus delegated, are, within the prescribed limits, to all intents and purposes as valid and binding as though passed by legislative enactment. This being so, then, we hold that under the law as now in force in precinct No. 1 of Hood county, Texas, "local option" has been repealed since the conviction was had in this case. The offense having been committed in that precinct, we must here decide the case in accordance with the law as it now exists in said precinct, and the law being repealed in the precinct annuls the conviction. Wherefore the judgment is reversed and the prosecution is dismissed.

### DISSENTING OPINION.

HURT, JUDGE. The qualified voters of Hood county held an election to determine whether or not the sale of intoxicating liquors and medicated bitters should be prohibited in said county. A majority of the voters of said county were for prohibition. After the expiration of twelve months from said election the qualified voters of precinct No. 1 held an election and prohibition was defeated.

The question is: Had the voters of said precinct the right to hold said election? I am of the opinion that they did not, and that said election was without authority and absolutely void.

Article 3233, Revised Statutes, provides that: "Said court shall hold a special session on the eleventh day after the holding of the aforesaid election, or as soon thereafter as practicable, for the purpose of opening the polls and counting the votes, and if a majority of the votes cast are "for prohibition," said court shall immediately make an order declaring the result of said vote, and absolutely prohibiting the sale of intoxicating liquors within the prescribed bounds . . . until such time as the *qualified voters therein*, at a legal election held for the purpose, by a majority vote *decide otherwise*." (Italics ours.)

It will be seen that the order must *prohibit* the sale in the *prescribed bounds*, and this prohibition is co-extensive with such bounds, and continues until such time as the qualified voters *therein* may decide otherwise. If it be a county election, the "*prescribed bounds*" are the limits of such county, and the "*qualified voters therein*" are the qualified voters of such county. Therefore, when prohibition is voted by the qualified voters of a county, at an election for the entire county, the sale of liquors, etc., will be prohibited in such county throughout its entire limits, even though any particular town, city or precinct might be opposed thereto.

For what length of time will prohibition continue in such county? This is answered by the statute, which says, in substance: Until the power ordaining prohibition shall determine otherwise. That power in this case is the will of the majority of the qualified voters of the county.

Article 3236 provides that, after the expiration of twelve months from the first election, another may be had by a petition signed by not less than fifty voters, if for a county election, and not less than twenty if for any other. This, we think, means that if the previous election has been a county election, then the petition for a new election should be signed by not less than fifty voters; if it has been a town, city or precinct election, then the petition must be

signed by not less than twenty. The second election is held for the same purpose, and within the same limits, as the first; hence the succeeding article 3237 provides that, if the result is against prohibition, the order to be entered must be an order setting aside the previous order enforcing prohibition. No power is given to modify the former order, but to *rescind*. A majority of the voters of the county might well be in favor of prohibition in the entire county, and yet opposed to it if it is to be partial in its operation.

The construction which would authorize one precinct to withdraw itself from the operation of the law established by the county as an entirety would be either to leave the remainder of the county bound by a law for which they never voted, or else to nullify the law throughout the county. The law for which they voted was prohibition throughout the county, and not prohibition as to some precinct only.

Some additional light is thrown on the question by article 3228, from which it appears that when the county *fails* to adopt prohibition, any lesser subdivision thereof may do so. This is the only contingency in the statute in which the will of the precinct may be asserted in opposition to that of the county.

We do not believe the views expressed are in conflict with section 20, article 16, of the Constitution, which makes it the duty of the Legislature to make a law whereby the qualified voters of any county, justice's precinct, town or city, by a majority vote, from time to time, may determine whether the sale of intoxicating liquors shall be prohibited within the prescribed limits. This the Legislature has done. In this case the prescribed limits within which the prohibition existed was the county, which necessarily included the justices' precincts.

*Reversed and dismissed.*

[Opinion delivered June 17, 1885.]