DAVID M. COGGESHALL, City Treasurer of the City of Newport,
*vs.* SAMUEL POLLITT *et als.*

To maintain suit on a bond given to obtain a liquor license under Pub. Stat. R. I. cap. 87, it is not necessary to show either that the principal debtor has been convicted of a violation of the provisions of cap. 87, or that the bond has been approved by the town council or board of aldermen, or that the sureties on the bond have been notified that their suretyship has been accepted and that the license has issued.

DEFENDANTS' PETITION for a new trial.

*Providence, October* 24, 1885. STINESS, J. Three requests for instructions to the jury were made and refused, which raise the following questions : —

*First.* Is it necessary, in a suit upon a bond given for a liquor license, under Pub. Stat. R. I. cap. 87, that the principal must be

convicted of a violation of the provisions of said chapter before the bond can be sued ?

*Second.* Is it necessary to show that such bond was approved by the board of aldermen before an action can be maintained upon it?

*Third.* Is it necessary to show that the sureties on such bond were notified that their security had been accepted, or that the license had been granted ?

The statute requires the condition of the bond to be that the licensee " will not violate any of the provisions of this chapter." Among the provisions is one prohibiting the sale of liquor on Sunday, which is the breach declared upon in this case, followed by a penalty of fine and imprisonment for its violation. Other violations are also made criminal offences, for which the offender may be convicted and sentenced ; *e. g.* selling liquor to minors, and ejecting intoxicated persons. But, besides these, there are requirements of the chapter which may be violated without involving a criminal liability under it, to which the condition of the bond equally applies ; *e. g.* that a licensee shall not connect his place with a dwelling-house ; that he shall post his license in a conspicuous position in the place where the sales are made, and exhibit it on demand to certain officers ; that he shall not sell liquor to a person of notoriously intemperate habits ; that he will not keep a disorderly house, to the annoyance of neighbors, or permit gambling therein. No distinction is made, in the provisions about the bond, in regard to the different forms of violation, but, on the contrary, the bond is made to cover the violation of any provision of the statute.

The defendants contend that, because section 16 says, " if any licensed person shall be convicted of the violation of any of the provisions of this chapter, his bond shall be put in suit," there can be no suit without the previous conviction. If this is so, the city has no security under the bond against those violations for which there can be no conviction. We do not think that this was the intention of the statute. The bond, like any other bond, stands upon its own condition. Upon breach of that condition an action arises. The fact that a suit must be brought, when the principal has been convicted, does not prevent a suit, where a violation of

the law has been shown, which no one has seen fit to prosecute. If prosecuting officers neglect their duty, the town has still a remedy upon the bond. It is evidently required as an additional and independent security for conformity to the law, given to the representative of the town which grants the license, as one form of protection to the town against violations of the law. It may be sued when there has been a violation of the statute; it must be sued when there has been a conviction under the statute.

With reference to the second and third questions, the statute requires that the person applying for a license shall give bond, with at least two sureties satisfactory to the town council or board of aldermen. This must be done before the license is issued. It is a condition precedent to the license. It is the obligation of the parties, made requisite by law, upon which the grant of a license depends. The issuing of a license upon such obligation is at once its approval and acceptance. No vote of approval could be more significant, and no more formal notice is required, because it is the accepting and acting upon the offer of the parties. In *Wilson* v. *Ireland*, 4 Md. 444, it was held that the signing, sealing, and delivery of a bond are *primâ facie* evidence of its acceptance and approval. To the same effect is *The State* v. *Ingram*, 5 Ired. 441. See, also, Angell & Ames on Corporations, § 252, 10th ed., and cases cited. The only cases referred to by the defendants relate to the simple offer of guaranty for the debt of another, which must be accepted before it is binding, and they have no application to the case before us. We therefore find that there was no error in refusing to give the instructions asked for.

　　　　　　　　　　　　　　　　　　　*Petition dismissed.*

*Francis B. Peckham*, City Solicitor, for plaintiff.
*William P. Sheffield & William P. Sheffield, Jun.*, for defendant.